### Application of BEACH TRUCKING CO.
## No. 7039-CCT.
### Florida Public Utilities Commission.
### May 15, 1964.

Clifford T. Inglis, Jacksonville, for the applicant.

Richard B. Austin and O. C. Beakes, both of Jacksonville, for Acme Moving & Storage Co., Delcher Bros. Storage Co., Kennelly Moving & Storage Co., Rapid Moving & Storage Co., Allison Transfer Co., Elder Moving & Storage Co. and Weathers Bros. Transfer Co., Inc., protestants.

Wayne K. Ramsay, Jacksonville, for Jacksonville Transfer & Storage, Inc., protestant.

Clayton R. Byrd, Jacksonville, for R. C. Motor Lines, Inc. and Georgia-Florida Motor Express, Inc., protestants.

Chairman EDWIN L. MASON, Commissioners WILBUR C. KING and JERRY W. CARTER each participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated examiner, William L. Weeks, held a public hearing on this application on October 10, 1963 in the commission's hearing room at 2255 Oak St., Jacksonville.

The examiner's report and recommended order were duly served on all the parties. Protestants Georgia-Florida Motor Express, Inc. and R. C. Motor Lines, Inc. filed exceptions thereto. After due consideration, the commission now enters its own order in the cause.

The commission finds that the exceptions to the examiner's report and recommended order are without merit.

At the beginning of the hearing on the above application, through the testimony of George E. Paris, the words " . . . , household goods and personal effects except on government bill of lading, . . . " as set out in the notice of this amended application, was clarified to show that the application does not seek authority to transport household goods, whether they be on government bill of lading or not, but only seeks authority to transport personal effects on government bill of lading. With this issue clarified, the protestants represented by Mr. Austin and Mr. Beakes, as above named, withdrew.

The application, as amended and clarified, seeks —

A certificate of public convenience and necessity to operate as a motor carrier in the common carriage of general commodities, except Class "A"

and "B" explosives, articles of unusual value, bulk or liquid tank truck compounds, perishable foodstuffs, commodities requiring protective service against heat or cold, uncrated furniture and appliances (including musical instruments, organs and pianos), household goods and personal effects except personal effects on government bill of lading, commodities requiring special equipment, and those injurious or contaminating to other lading, from, to and between Jacksonville, East Mayport, Mayport, Mayport Naval Base, Atlantic Beach, Neptune Beach, Jacksonville Beach and Ponte Vedra Beach, utilizing as irregular or alternate routes State Road 10A, State Road 10 (Atlantic Boulevard), State Road 115, Alternate U. S. 90, State Road A1A (Mayport Road), and U. S. 90 (State Road 212, Beach Boulevard), serving all intermediate points and the off-route points and communities of Arlington, Gilmore, Ft. Caroline National Memorial, Jacksonville University, Ponte Vedra, South Ponte Vedra Beach, Palm Valley, Palm Valley Landing, Palm Valley Road Bridge, San Pablo, Isle of Palms, South Isle of Palms and Pablo Keys, utilizing also as irregular or alternate routes University Boulevard, Ft. Caroline Road, St. Johns Bluff Road, Merrill Road, Rogero Road, Arlington Road, Mount Pleasant Road, Girvin Road, State Road 101A (San Pablo Road), State Road A1A (Ponte Vedra Beach Boulevard), State Road 210 (Palm Valley Road), State Road 210A (Solano Road and Roscoe Boulevard) and other streets, public highways and county roads in the vicinity.

The notice of hearing provided that —

"Pursuant to section 206(a)(6) of the Interstate Commerce Act, as amended, the commission at this hearing will also receive testimony on the application of the above parties to engage in interstate and foreign commerce in the transportation of the same commodities over the same routes as are involved in the present application for intrastate operating authority."

The application was unusual in that the major portion of the territory involved was adjacent to State Road 78, which was the subject of chapter 17115, Laws of Florida, Acts of 1935, which amended section 30 of the Florida Auto Transportation Act then specifying transportation activities declared to be exempt from commission regulation and control. The pertinent portion of this 1935 law provided —

" . . . There shall be further exempted from the provisions of this article and from commission jurisdiction and control, persons, firms or corporations operating motor vehicles within the corporation limits of any city or town or the adjoining suburban territory, or between cities and towns whose boundaries adjoin, or over and upon State Road 78 south to Ponte Vedra Beach and the territory adjacent to said state road within a radius of ten miles thereof, where such business of carriage is regulated by the legislative body of such cities or towns."

The quoted amendment became embodied in section 323.29, Florida Statutes, and remained a portion thereof until the passage in 1963 by the Florida legislature of chapter 63-556 which amended section 323.29 by eliminating the reference to State Road 78 and repealing chapter 17115 as it related to "motor vehicles for transportation of property for compensation, in that certain area of Duval County lying east of the Range line dividing Range 26 East and Range 27 East."

This application is one of a number filed with this commission following removal of the State Road 78 exemption from the law.

Another unusual feature is that this was the first hearing held by this commission under section 206(a)(6) of the Interstate Commerce Act, as amended, where testimony was received and considered relating to interstate and foreign commerce as well as intrastate commerce.

Appropriate and proper notice of the hearing was published in the Federal Register and opportunity to be heard was given to interested parties and testimony was received relative to interstate public convenience and necessity. One of the protestants, Jacksonville Transfer & Storage, Inc., claims operating authority from both this commission and the Interstate Commerce Commission, and the other protestants, R. C. Motor Lines, Inc. and Georgia-Florida Motor Express, operate under jurisdiction of the Interstate Commerce Commission and claim no authority from this commission.

Several motions were filed herein, including the motion of applicant to strike a protest of Jacksonville Transfer & Storage, Inc. on the grounds, among others, that the operating authority claimed by this protestant was granted at a time when this commission did not have jurisdiction over the territory involved. A similar motion was made during the hearing. In view of the findings and conclusions herein, it is unnecessary to make a specific ruling on the motions to strike this protest and the testimony offered in support thereof. The validity of this protestant's operating rights in the affected territory, attacked by such motions, would be more appropriately decided in other proceedings more directly related to such rights, than here.

Applicant purchased a predecessor trucking business at Neptune Beach in 1959 and has been operating in that general territory, not then considered under control and jurisdiction of this commission, and to and from Jacksonville since. Applicant operates in the state of Florida only and holds no certificate from

the Interstate Commerce Commission or this commission other than temporary authority granted after filing the present application.

Applicant has its office and warehouse facilities at Neptune Beach on Atlantic Boulevard, formerly State Road 78. It transports general commodities, excluding the exceptions itemized in the application, as amended and clarified. Applicant has 14,000 square feet of warehouse space and 2,000 square feet of office space and owns eleven motor vehicles. It exhibited its balance sheet as of June 30, 1963, and a profit and loss statement for the first six months of the year.

Applicant renders service on a daily basis between Jacksonville and the Beaches and provides service to the off-route and outlying points and communities described in the application, including Jacksonville and its environs and adjoining suburban territory. It seeks authority to continue its present operations under the above-mentioned amendment to the law and extend them in both interstate and intrastate service in the territory described. A major portion of its business is the performance of daily deliveries to the points, places and territory described in the application, some of them widely scattered, with the predominant movement being toward the Beaches. It has enjoyed substantial patronage and public acceptance. There is no rail service to the Beaches and some portions of the territory involved have no other regular common carrier truck service. No other common carrier truck line maintains headquarters there. Population in the Beaches area, according to a chamber of commerce witness, has doubled every ten years since 1940 and is now estimated at approximately 27,450.

Applicant's supporting witnesses included shippers and receivers of freight, a banker and civic leader, a chamber of commerce official, and representatives of Ponte Vedra, a large resort area and real estate development lying in the described territory. It has shown that the local chamber of commerce for the last several years has made efforts to improve available transportation facilities because of complaints and because of efforts to attract industries; they sought stable and efficient common carrier truck service. They complained to representatives of the Interstate Commerce Commission and this commission and held meetings with these officials and with carriers in efforts to work out better and faster transportation for the Beaches area. These efforts were not successful. This application was supported by the Beaches chamber of commerce and other citizens in a further

effort to get the improved service desired. These witnesses testified that they had had experience with Beach Trucking Company service, which had been satisfactory, and they would like it continued and enlarged to include interstate service as well.

Details of delays in deliveries and unsatisfactory service, both intrastate and interstate, were described by several witnesses who received freight from Florida points of origin as well as other parts of the country. One of these has frequent small shipments, inbound and outbound, and much prefers to use reliable and established common carrier truck service, but because of slow deliveries has been paying parcel post charges in both directions and increased his costs in order to hold his customers. This witness had moved another business operation from the Beaches area to St. Augustine because of poor truck service. Another witness mentioned the loss of an industry for this reason. These witnesses were satisfied with applicant's service and supported the application for a certificate. Another witness wanted the service in addition to others now rendered. The location of applicant's terminal at the beach, rather than in Jacksonville some twenty miles away, enabled applicant to provide equipment on outbound shipments on shorter notice and for later pick-up times. The greater familiarity of applicant's employees with addresses, locations and persons in the Beaches area are factors in permitting more efficient and convenient service. The proximity of Mayport Naval Base aids in making deliveries on short notice to ships there. One supplier of ships' stores said that sales were lost and purchase contracts canceled if prompt deliveries were not made to ships as agreed; he supported the application because of the superior service applicant gave.

Protestants produced witnesses as to their operating rights, their service and their facilities. They contended that their service was efficient and tended to discount the complaints. The showing made is not convincing that their services have been adequate to meet the needs of the public in the territory involved or that the granting of the application will have an appreciable adverse effect upon existing transportation facilities, especially since applicant is already operating in the territory in a limited way.

From the record herein, as to both intrastate and interstate, the commission finds that the applicant is qualified, financially and otherwise, to provide the service sought herein; that public convenience and necessity require the granting of this amended application; and, that the granting of said application would not adversely affect the existing transportation facilities or transportation as a whole within the area involved.

It is therefore ordered that the application, as amended and clarified, be and the same is hereby granted, and that certificate of public convenience and necessity no. 858 be issued authorizing applicant to operate as a motor carrier in the common carriage of —

"general commodities, except Class "A" and "B" explosives, articles of unusual value, bulk or liquid tank truck compounds, perishable foodstuffs, commodities requiring protective service against heat or cold, uncrated furniture and appliances (including musical instruments, organs and pianos), household goods and personal effects except personal effects on government bill of lading, commodities requiring special equipment, and those injurious or contaminating to other lading, from, to and between Jacksonville, East Mayport, Mayport, Mayport Naval Base, Atlantic Beach, Neptune Beach, Jacksonville Beach and Ponte Vedra Beach, utilizing as irregular or alternate routes State Road 10A, State Road 10 (Atlantic Boulevard), State Road 115, Alternate U. S. 90, State Road A1A (Mayport Road), and U. S. 90 (State Road 212, Beach Boulevard), serving all intermediate points and the off-route points and communities of Arlington, Gilmore, Ft. Caroline National Memorial, Jacksonville University, Ponte Vedra, South Ponte Vedra Beach, Palm Valley, Palm Valley Landing, Palm Valley Road Bridge, San Pablo, Isle of Palms, South Isle of Palms and Pablo Keys, utilizing also as irregular or alternate routes University Boulevard, Ft. Caroline Road. St. Johns Bluff Road, Merrill Road, Rogero Road, Arlington Road, Mount Pleasant Road, Girvin Road, State Road 101A (San Pablo Road), State Road A1A (Ponte Vedra Beach Boulevard), State Road 210 (Palm Valley Road), State Road 210A (Solano Road and Roscoe Boulevard) and other streets, public highways and county roads in the vicinity."

It is further ordered that applicant be directed to comply with this commission's rules and regulations governing insurance, tariffs, registration of equipment, and mileage taxes.

It is further ordered that in compliance with provisions of section 206(a)(6) of the Interstate Commerce Act, as amended, the certificate recite the following —

(1) That the Florida Public Utilities Commission certificate was issued after notice to interested parties through publication in the Federal Register of the filing of the application and of the desire of the applicant also to engage in transportation in interstate and foreign commerce within the limits of the intrastate authority granted;

(2) That reasonable opportunity was afforded interested persons to be heard; and,

(3) That the Florida Public Utilities Commission has duly considered the question of the proposed interstate and foreign operations and has found public convenience and necessity require that the carrier authorized to engage in intrastate operations also be authorized to engage in operations in interstate and foreign commerce within limits which do not exceed the scope of the intrastate operations authorized to be conducted.